Prosper J. Soucy, Appellant, v. Jacob Rothschild, Appellee.

‘(Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Bill by Prosper J. Soucy, complainant, against Jacob Rothschild, defendant, for a mechanic's lien. From a judgment for complainant, the complainant appeals and defendant assigns cross-errors.

It appeared that in the fall of 1914, defendant was about to erect a dwelling and storeroom on the premises owned by him in East St. Louis, in which there would be required a considerable amount of plumbing. Sam Jones, a friend of Paul Meeker, recommended to defendant that he employ Mr. Meeker to do this work. Meeker called upon defendant and talked with him about his plumbing, and, as he claimed, told defendant that complainant was interested with him in the plumbing business, and estimates were submitted by Meeker to defendant upon his work of plumbing; that before the contract was entered into Meeker and defendant had a further conversation in which Meeker agreed to purchase some clothing of defendant if he obtained this contract, and the contract was awarded to Paul Meeker on September 10, 1914, and a written contract was then prepared and signed by Paul Meeker and the defendant, by which contract it was provided that Meeker was to do the plumbing for defendant and have it completed by the 1st of December, 1914; that it was to be performed in a good, substantial and workmanlike manner, and in conformity with the plans and specifications made by the architects. It was

further provided in said contract "that should the party of the second part fail to have the work finished on or before the time above specified, December 1, 1914, he shall pay to or allow the party of the first part the sum of two dollars for each and every day thereafter that said work shall remain incomplete," and the price stipulated to be paid for the work was $1,050. Meeker entered upon the performance of this contract, but did not complete the work by December 1st. Prior to the filing of the bill by complainant, defendant secured a loan upon said premises for the amount of $4,000, and $902 was held by the mortgagee for the payment of the plumbing, and afterwards, by the consent of all persons interested, $500 was paid by the mortgagee to the plaintiff. Complainant claimed that there was extra work done and an allowance was made to him for a small amount for extra work. It was further contended by complainant that while the contract for the performance of this work was signed by Meeker in his individual name, that the contract was, in fact, entered into by him for the East St. Louis Plumbing and Heating Company owned by the complainant. Defendant claimed that his contract was solely with Meeker and that he was entitled to credit for the clothing purchased by Meeker and also for damages for not completing the work within the time specified in the contract.

The evidence was conflicting as to whether defendant had knowledge of the partnership of Meeker with complainant. Meeker started the work, but the contract was assigned to complainant and he completed it.

After Meeker had left the work of plumbing and defendant knew that the contract had been assigned to complainant, and on March 22, 1915, defendant wrote complainant a letter in which he stated: "If this work is not completed as provided under said contract within a reasonable time, I shall secure someone else to complete said work, and the costs thereby in-

curred from said contract shall be deducted from said contract price of $1,050,'' complainant immediately sent his men to do what was necessary to complete the contract, and, as he contended, did complete it. On several occasions defendant stated that he was ready and willing to pay the contract price if they would deduct the $105 for the clothing, and when he made his answer he did not set up and claim that complainant was owing or that there should be deducted from the contract price this or any other amount.

In addition to this, when defendant made his loan he provided a fund of $902 and left same in the hands of the mortgagee to pay the plumbing bill, and took possession of the house without at any time making any claim for such damages until during the trial of this suit.

W. L. COLEY, for appellant.

E. J. VERLIE, for appellee; C. B. THOMAS, of counsel.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence sufficient to show contract with member of partnership individually.* On a bill to foreclose a mechanic's lien where defendant claimed that he entered into a plumbing contract with a third person individually and not with the partnership of which complainant and such third person were members, where the evidence was conflicting, evidence *held* sufficient to sustain a finding that defendant believed he was contracting with such third person individually and that according to such contract the expense of certain merchandise sold by defendant to such third person was to be deducted from the contract price.

2. APPEAL AND ERROR, § 1414*—*when finding of trial court not disturbed as against weight of evidence.* A finding of a trial court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

will not be disturbed as against the weight of the evidence where there is some evidence to sustain it.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 49*—*when provision for liquidated damages for delay in finishing building contract waived.* A provision in a building construction contract for the payment of a certain sum for each day of delay in completing the contract as liquidated damages is waived, where, after an assignment of the contract to a third person, complainant, with knowledge of defendant, as owner the latter wrote a letter to complainant that if the work was not completed within a reasonable time defendant would procure some one else to do the work and the costs would be deducted from the contract price, and complainant completed the work, and defendant repeatedly offered to settle if complainant would deduct the amount of merchandise purchased by the original contractor, which was to be deducted under the terms of the original contract, and defendant failed to set up in his answer that complainant owed him any amount which should be deducted, and, when he made a loan he left money with the mortgagee to pay the bill, and he took possession of the premises and made no claim for damages until the trial of the suit.

4. APPEAL AND ERROR, § 1383*—*when action of chancellor in apportioning costs not reviewed.* The chancellor may apportion costs in an equitable action where complainant recovers only part of his claim, and his apportionment will not be disturbed unless it is of such a character as to be offensive and manifestly unjust.

5. COSTS, § 19*—*when chancellor did not abuse discretion in apportionment of costs.* The chancellor did not abuse his discretion in apportioning the costs between complainant and defendant in an action to foreclose a mechanic's lien, where defendant had offered to settle upon deduction of a sum that he was legally entitled to deduct under the terms of the contract with complainant's assignor and complainant recovered the amount of the contract less such deduction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.